Shop Architects, P.C. v 25th St. Art Partners LLC (2016 NY Slip Op 08121)





Shop Architects, P.C. v 25th St. Art Partners LLC


2016 NY Slip Op 08121


Decided on December 1, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2016

Tom, J.P., Acosta, Andrias, Moskowitz, Kahn, JJ.


2371N 101043/12

[*1] Shop Architects, P.C., Plaintiff-Respondent,
v
25th Street Art Partners LLC, et al., Defendants-Appellants. 
[And a Third Party Action]


Sills Cummis & Gross P.C., New York (James M. Hirschhorn of counsel), for appellants.
Seyfarth Shaw LLP, New York (Jerry A. Montag of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 5, 2015, which, to the extent appealed from as limited by the briefs, denied the motion of defendants 25th Street Art Partners LLC, 25th Street Art Holdings LLC, and Fidelity and Deposit Company of Maryland, to appoint an expert to conduct a forensic examination of plaintiff's computer system, unanimously affirmed, with costs.
The court's determination was a provident exercise of discretion (see generally Arts4All, Ltd. v Hancock, 54 AD3d 286, 286 [1st Dept 2008], affd 12 NY3d 846 [2009], cert denied 559 US 905 [2010]). Discovery of electronically stored information may be court ordered where the party seeking such discovery makes a showing that includes that the files sought can actually be obtained by the methods suggested (see Tener v Cremer, 89 AD3d 75, 82 [1st Dept 2011]). Here, defendants do not seek any particular document, but instead seek an examination of plaintiff's drives to determine whether any documents exist that have not been exchanged or obtained from third parties. Although defendants had also previously sought to determine when particular invoices were created, plaintiff has admitted that they were all created together, outside of its accounting program, and backdated, mooting that basis for forensic examination of plaintiff's system.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 1, 2016
CLERK